### Use of Force Assignment

From March - May, 2014, Eric Monthei had been regularly updated about statewide mandates regarding significant changes to the CDCR's Use of Force Policy. He regularly updated those members of SQ MH staff who attended the weekly Subcommittee meetings, which demonstrates that he more than passively aware of these crucial items.

The role of the MH clinician in the Use of Force events had attracted robust attention and had resulted in mandatory statewide trainings for all members of the MH staff during the month of April. Monthei was aware that I had been excluded from these trainings. And furthermore, as demonstrated below, he was aware that, during the week of 05/19/2014, there would be several controlled Use of Force events that would occur on San Quentin's highest security housing unit, the Adjustment Center.

At the end of March 2014, Monthei had ordered MH staff to remove me from all relevant email distributions, notifications and meetings. And thus, he was aware that I had not attended any of the recent UOF trainings. Despite this knowledge and without providing me with any advance notice of the assignment, Monthei distributed an email on 05/21/2014 to the members of custody's executive staff (including the Warden) announcing that he had placed me into the role of San Quentin's "clinical manager and supervisor" for Use of Force events.

As a result, Monthei knowingly placed me into a highly visible, extremely dangerous situation/environment without appropriate training.

Directing me to immediately fulfill the role of San Quentin's UOF supervisor without providing me with any of the newly-provided training materials is exceptionally dangerous for our patients, for my clinical practice, and for the institution's ability to comply with recent court orders. In addition, this demonstrates that Monthei was knowingly placing me into this critically dangerous role that would compromise patient care, my safety, and SQ's compliance with Judge Karlton's most recent court order.

## Table of Contents

**MONTHEI IS AWARE OF ATTENTION PAID TO UOF** ........................................ 2
    MARCH 11, 2014 .............................................................. 2
    MARCH 12, 2014 .............................................................. 3
    MARCH 14, 2014 .............................................................. 4
**MANDATED STATEWIDE TRAINING FOR ALL STAFF** ........................................ 8
    MARCH 19, 2014 .............................................................. 8
    MARCH 28, 2014 .............................................................. 9
    APRIL 02, 2014 .............................................................. 9
    APRIL 09, 2014 .............................................................. 10
    APRIL 16, 2014 .............................................................. 10
    APRIL 23, 2014 .............................................................. 10
    MAY 21, 2014 .............................................................. 11
**UOF COURT ORDER** ........................................................................ 11
    APRIL 10, 2014 .............................................................. 11
**MONTHEI IS AWARE THAT I COULD NOT HAVE ATTENDED MANDATED TRAININGS** ........................................................................ 12
**MONTHEI KNEW ABOUT ON-SITE UOF EVENTS** ........................................ 13
**MONTHEI ASSIGNS ME TO BE UOF COORDINATOR** ........................................ 13
**MONTHEI KNEW THAT I HAD NOT ATTENDED UOF TRAINING** ................ 14

### MONTHEI IS AWARE OF ATTENTION PAID TO UOF

#### MARCH 11, 2014

Monthei attends a UOF training in Galt, California

| From: | Monthei, Eric@CDCR |
| To: | Wadsworth, Chris@CDCR |
| Subject: | Re: Just FYI... |
| Date: | Tuesday, March 11, 2014 5:50:32 PM |

I appreciate the feedback. I'm just leaving Galt with everybody else. Be back tonight see you tomorrow. We will have other headquarters people joining us Thursday and Friday for condemn coordination. Can discuss later.


Eric E. Monthei, Psy.D.
Chief of Mental Health

San Quentin State Prison - Mental Health Service Delivery System (MHSDS)
(415) 721-3540 (Office)
(415) 306-1334 (Mobile)
Eric.Monthei@CDCR.CA.GOV (E-Mail)


## MARCH 12, 2014

The 03/12/2014 MH Program Subcommittee meeting minutes, which Monthei attended, details the following:

*Use of Force updates: There was a teleconference yesterday 3/11/2014 on UOF for controlled cell extractions. New requirement include Medical staff writing 837C forms, the types of chemical applications that may be used, the length of time it may be applied. The policy is not completely finalized but staff has begun receiving training. The policy will take effect on 4/21/2014 and will bring UOF closer to policies at state hospitals. The changes will slow down the UOF, and increase the level of consultation and strategizing to allow the inmate to respond to interventions.*

MARCH 14, 2014

State of California        Department of Corrections and Rehabilitation

## M e m o r a n d u m

Date : **March 14, 2014**

To : **San Quentin Staff**

From : **In-Service Training Department, San Quentin State Prison, San Quentin, CA 94964**

Subject : **AGENDA FOR USE OF FORCE TRAINING**

Use of Force training will be held in the In-Service Training classroom or the SOMS Lab, and will include the following **MANDATORY** training:

- Cell Extraction for Managers, Custody Supervisors, Medical, and Mental Health Staff. **4 Hours.**

**Classifications to include: AOD's, Custody Managers and Supervisors, Medical and Mental Health Staff whom will be required to provide medical intervention/assessment during controlled cell extractions.** Forthcoming DOM 51012 revisions will require the presence of a licensed medical practioner during controlled cell extractions. Healthcare Managers: Please identify staff responsible for these tasks and ensure they attend training.

The proposed agenda is as follows:

| DATE | CLASS TIME | LOCATION |
|---|---|---|
| Monday, March 17 | 1000 | SOMS Lab |
| Monday, March 17 | 1400 | IST Classroom |
| Tuesday, March 18 | 1000 | IST Classroom |
| Tuesday, March 18 | 1400 | IST Classroom |
| Wednesday, March 19 | 1000 | IST Classroom |
| Wednesday, March 19 | 1400 | IST Classroom |
| Thursday, March 20 | 0200 | IST Classroom |
| Friday, March 21 | 0200 | IST Classroom |

Program is subject to change without prior notice. Additional dates are forthcoming. Be advised this training is to be completed by on duty staff. Overtime is not authorized to attend training. Approximately 40 seats per class are available on a first come/first serve basis.

R. Hadrava
In-Service Training Manager
San Quentin State Prison

**From: Tootell, Elena@CDCR**
**Sent: Friday, March 14, 2014 1:12 PM**
**To: Hadrava, Ronald L.@CDCR**
**Cc: Deems, Andrew@CDCR; Mutha, Marita@CDCR**
**Subject: RE:**

Hello – Can you tell me who this includes: licensed medical practitioner during controlled cell extractions?

Any chance we could schedule a training in the CHSB from 12-4 at a later date? If the providers are required to go, I will need to give them 2 weeks' notice for the change in their work hours necessary for them to receive the offered training if it remains at these times. There are hundreds of medical staff involved in cell extractions- one day notice before training begins seems likely to be unsuccessful.

(None of the clinical staff work a 6-2 shift)

E. Tootell
Chief Medical Executive
California State Prison, San Quentin
Phone: (415) 721-3511
Cell: (916) 698-7255
Fax: (415) 721-3512

**From: "Deems, Andrew@CDCR" <Andrew.Deems@cdcr.ca.gov>**
**Date: March 14, 2014 at 1:27:15 PM PDT**
**To: "Tootell, Elena@CDCR" <Elena.Tootell@cdcr.ca.gov>, "Hadrava,**
**Ronald L.@CDCR" <Ronald.Hadrava@cdcr.ca.gov>**
**Cc: "Mutha, Marita@CDCR" <Marita.Mutha@cdcr.ca.gov>, "Monthei,**
**Eric@CDCR" <Eric.Monthei@cdcr.ca.gov>, "Llano, Angel@CDCR"**
**<Angel.Llano@cdcr.ca.gov>**

Subject: RE:

I am in communication w/ CCHCS on the topic of what specific training is to be required of health care personnel, including the definition of what is a "licensed health care practitioner." Until I get further clarification, we should not schedule health care staff.

Andrew W. Deems
Chief Executive Officer, Health Care Services
San Quentin State Prison
P: (415) 721-3500
F: (415) 721-3501

------------------------------------------------

**From: Hadrava, Ronald L.@CDCR**
**Sent: Friday, March 14, 2014 1:52 PM**
**To: CDCR Institutions SQP Staff; CDCR CCHCS SQ All Staff**
**Subject: Use of Force Training**

Please see updated memorandum in reference to Use of Force training scheduled next week. OTPD has just provided clarification as to who is a "Licensed Medical Practioner."

LVN, RN, Psyche Tech, Psychologist, and Psychiatrist.

R. Hadrava
Correctional Lieutenant
San Quentin State Prison
In-Service Training Manager
(415)-454-1460 Ext. 5121

---------------------------------------------

**From: Deems, Andrew@CDCR**
**To: Monthei, Eric@CDCR**
**Subject: Re: Use of Force Training**
**Date: Friday, March 14, 2014 1:59:24 PM**

Are you scheduling staff to attend?

My opinion is that we need to hold off until this training program is vetted through
CCHCS.....that is, who is to attend 4 hrs, 1 hr, not at all.

Your thoughts?

Andrew W. Deems
Chief Executive Officer, Health Care Services
San Quentin State Prison
P: (415) 721-3500
F: (415) 721-3501

---------------------------------------------

**From: Monthei, Eric@CDCR**
**To: Deems, Andrew@CDCR**
**Subject: Re: Use of Force Training**
**Date: Friday, March 14, 2014 2:01:45 PM**

I am not. I concur with your position wholeheartedly.

Eric E. Monthei, Psy.D.
Chief of Mental Health

San Quentin State Prison - Mental Health Service Delivery System (MHSDS)
(415) 721-3540 (Office)
(415) 306-1334 (Mobile)
Eric.Monthei@CDCR.CA.GOV (E-Mail)

-------------------------------------------------

**From: Monthei, Eric@CDCR**
**Sent: Friday, March 14, 2014 2:01 PM**
**To: Deems, Andrew@CDCR**
**Subject: Fwd: Use of Force Training**

I did not see the memo being referenced by OTPD. License medical practitioner is obviously the wrong umbrella. Additionally, the specific disciplines listed below are incomplete. For example, where do CNA's, RT's and CSW's fit into the picture?

I highlighted all these errors during the course of the training with Ms. Allison who informed me that they were working on correcting all the errors prior to the rollout of the training. It appears that they have not.

Eric E. Monthei, Psy.D.
Chief of Mental Health

San Quentin State Prison - Mental Health Service Delivery System
(MHSDS)
(415) 721-3540 (Office)
(415) 306-1334 (Mobile)
Eric.Monthei@CDCR.CA.GOV (E-Mail)

-----------------------------------------------

**From: Deems, Andrew@CDCR**
**To: Monthei, Eric@CDCR**
**Subject: Re: Use of Force Training**
**Date: Friday, March 14, 2014 2:01:24 PM**

Then, until we get clarification, let's not schedule health care staff....ok?
Andrew W. Deems
Chief Executive Officer, Health Care Services
San Quentin State Prison
P: (415) 721-3500
F: (415) 721-3501

-----------------------------------------

**From: Monthei, Eric@CDCR**
**To: Deems, Andrew@CDCR**
**Subject: Re: Use of Force Training**
**Date: Friday, March 14, 2014 2:02:14 PM**

Roger that.

Eric E. Monthei, Psy.D.
Chief of Mental Health

San Quentin State Prison - Mental Health Service Delivery System (MHSDS)
(415) 721-3540 (Office)
(415) 306-1334 (Mobile)
Eric.Monthei@CDCR.CA.GOV (E-Mail)

-------------------------------------------

**From: Monthei, Eric@CDCR**
**To: Barone, J.@CDCR; Burton, Paul@CDCR; Chen, Rachel@CDCR; Chu,**
**Dave@CDCR; Corrado, Courtney@CDCR;**
**Desmond, Diane@CDCR; Edwards, Alyssa@CDCR; Herndon, Caroline@CDCR;**
**Lippincott, Robert@CDCR;**
**Ricciardi, Dana@CDCR; Roach, Christopher@CDCR; Smith, Cheri@CDCR; Van**
**Burg, Chera@CDCR; Wadsworth,**
**Chris@CDCR; Whyte, Laura@CDCR**
**Cc: Deems, Andrew@CDCR**
**Subject: Fwd: RE: use of force training**
**Date: Friday, March 14, 2014 2:07:45 PM**

Please be advised, until such time as the below clarification is provided, no mental health
staff are to be scheduled for the below referenced training. Authorization to begin
scheduling mental health staff will occur once clarification is received.

Thank you all.


Eric E. Monthei, Psy.D.
Chief of Mental Health
San Quentin State Prison - Mental Health Service Delivery System (MHSDS)
(415) 721-3540 (Office)
(415) 306-1334 (Mobile)
Eric.Monthei@CDCR.CA.GOV (E-Mail)


## MANDATED STATEWIDE TRAINING FOR ALL STAFF

### MARCH 19, 2014

The 03/19/2014 MH Program Subcommittee meeting minutes, which Monthei attended, details the
following:

> *Use of Force updates: Clinical staff will be mandated to go to UOF training, the training is two
> and a half hours. Dr. Monthei will be working with Captain Baker to schedule trainings; currently
> they are being offered at 10am and 4pm. New requirements include Medical staff writing 837C*

*forms, the types of chemical applications that may be used and the length of time it may be applied. The policy is not completely finalized however it will take effect on 04/21/2014 and will bring UOF closer to policies at State hospitals. The changes will slow down the UOF and increase the level of consultation and strategizing to allow the inmate to respond to intervention.*

MARCH 28, 2014

 CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES


## MEMORANDUM

| | | |
|---|---|---|
| Date | : | March 28, 2014 |
| To | : | Chiefs of Mental Health |
| From | : | [signature] Timothy G. Belavich, Ph.D., MSHCA, CCHP Director (A), Division of Health Care Services and Deputy Director, Statewide Mental Health Program |
| Subject | : | STAFF ATTENDANCE AT THE UPDATED USE OF FORCE TRAINING |

This memorandum is to clarify the Statewide Mental Health Program's expectations of staff attendance at the updated "Use of Force" training, which is being rolled out at all institutions statewide.

It is the responsibility of the Chiefs of Mental Health to work with their local In-Service Training (IST) offices and assure that all mental health staff, who may be involved in controlled use of force incidents (cell extractions), attend the IST class: *Cell Extraction for Managers, Custody Supervisors, Medical, and Mental Health Staff* (IST A8360).

Staff **must** complete this training no later than April 21, 2014. Please work with your local IST office to facilitate the classes for your staff.

If you have any questions, please contact Robert Canning, Ph.D., Senior Psychologist Specialist, Clinical Support, Statewide Mental Health Program, Division of Health Care Services (DHCS), at (916) 691-0276, or via email at robert.canning@cdcr.ca.gov.

cc: Chief Executive Officers, California Correctional Health Care Services
Angela Ponciano, Associate Director, Policy and Clinical Support,
   Statewide Mental Health Program, DHCS
Nathan Stanley, Chief, Field Operations, Statewide Mental Health Program, DHCS
Laura Ceballos, Ph.D., Chief Psychologist, Quality Management,
   Statewide Mental Health Program, DHCS
Amy Eargle, Ph.D., Chief, Clinical Support, Statewide Mental Health Program, DHCS
Regional Chief Executive Officers, California Correctional Health Care Services
Mental Health Regional Administrators

APRIL 02, 2014

The 04/02/2014 MH Program Subcommittee meeting minutes, which Monthei attended, details the following:

> *Use of Force updates:A memo was received from headquarters about training. Previously, there was some confusion about which training mental health staff would attend. The memo from headquarters clarifies that mental health staff will attend the custody training as well as a separate mental health training at a later date.*

## APRIL 09, 2014

The 04/09/2014 MH Program Subcommittee meeting minutes, which Monthei attended, details the following:

> *Use of Force updates: Trainings on the new UOF policy continue through next week with planned implementation April 21st.*

## APRIL 16, 2014

The 04/16/2014 MH Program Subcommittee meeting minutes, which Monthei attended, details the following:

> *Use of Force updates: This will be the last week of training before the implementation of the Use of Force policy. Though the April 21st implementation date may be put on hold due to some policy issues, staff should still go to the training. An update on separate mental health trainings will be provided today in the HQ SPR-FIT teleconference.*

## APRIL 23, 2014

The 04/23/2014 MH Program Subcommittee meeting minutes, which Monthei attended, details the following:

> *Use of Force updates: The policy has gone into effect as of 04/21/2014. There was a controlled extraction on 04/21/2014. Refer to item 4-G...*

> *...4g. Use of Force: Headquarters sent documents for the UOF LOPs, however revision of the LOP is on hold until further clarification is received. The interim process pending release of additional information from HQ is that those institutions that use a physician on duty (POD), a psychiatrist on call (POC) or a mental health manager on duty will use those people for controlled use of force on 1st and 3rd watch. SQ will utilize a POC as that is the current structure at this institution. Emergency extractions will occur immediately. Ms. Beebee (sic) advised that she can provide a checklist for the UOF policy. "MH clinicians" for the UOF policy refers to social workers, psychiatrists, and psychologists.*

May 21, 2014

The 05/21/2014 MH Program Subcommittee meeting minutes, which Monthei attended, details the following:

> *Use of Force updates: There were two potential cell extractions in the AC reported today and Dr. Chen requested more information from Ms. Beebe to make sure that all documentation requirements are accurately completed.*

--------------------------------------------

**From: Scholl, Jason@CDCR**
**Sent: Wednesday, May 21, 2014 2:24 PM**
**Subject: Update RE: MH HQ Memorandum Clinician Presence During Controlled Use of Force**

Regarding the role of mental health clinicians in controlled use of force incidents as explained in the memo dated April 18, 2014 titled "Clinician Presence During Controlled Use of Force:" effective immediately, and until further notice, only Mental Health clinical managers and supervisors may provide consultation for and participate in controlled use of force incidents, regardless of the time of the day the incident occurs. Training and a printed guideline for Mental Health clinicians that addresses roles and expectations is in development and is expected to be delivered by June 15.

We recognize and appreciate the effort management teams have been making implementing this policy.

*(Sent to CEOs, Wardens, and Chiefs of Mental Health)*

**Jason A. Scholl**
**Special Assistant to Timothy Belavich, Ph.D., MSHCA, CCHP**
**Director (A), Division of Health Care Services and**
**Deputy Director, Statewide Mental Health Program**
**California Department of Corrections and Rehabilitation**

### UOF COURT ORDER

APRIL 10, 2014

Judge Karlton had issued a **04/10/2014** court order which specifically noted that past CDCR practices/procedures of UOF were constitutionally inadequate. During the month of April, all custody and MH personnel were mandated to attend a 4-hour training to learn the updated procedures. However, Monthei and Deems elected not to send me to these trainings while I was on a "special project."

Monthei included this item in the NRDP despite his clear understanding that CDCR had implemented new statewide trainings/procedures re: UOF events and that I had not, as of the morning of 05/22/2014, attended the trainings which our entire department had previously completed in April 2014.  See attached file, *2014-03-12 MHPS Minutes.pdf* (page 2).


## MONTHEI IS AWARE THAT I COULD NOT HAVE ATTENDED MANDATED TRAININGS

Following my involuntary submission of a memorandum stating that I wished to "voluntarily" demote, rather than the alternative option of termination, Monthei ordered MH staff to remove me from all relevant email distributions and communications.  He made attempts to have me reassigned to Stockton and/or Telepsychiatry, but these attempts were unsuccessful.

I was assigned, by Monthei and Deems, to "Special Projects" throughout the month of April until May 16, 2014.  This time-period comprised all of the UOF trainings and Monthei was aware that, without knowing about these mandatory trainings, I could not have attended these sessions.


------------------------------------------------------
*[note: the following email is abridged, for brevity]*

**From: Wadsworth, Chris@CDCR**
**Sent: Wednesday, April 23, 2014 22:44**
**To: Monthei, Eric@CDCR**
**Subject: RE: Dr. Wadsworth: Special Project**

Eric,

I am hoping you can provide clarification to help me ensure that our patients are continuing to receive excellent healthcare. I recognize that I've been assigned to special projects since 03/27, but among my responsibilities is an assignment to fill (a more restricted) role of a staff psychiatrist. This responsibility, alone, would require me to be plugged-in to day-to-day, institutional operations.

Although your 3/24 instruction that I won't clinically/administratively practice psychiatry on the inpatient unit (or the condemned inmates) is pretty straightforward, a few evolving issues are less-straightforward. I'm walking a fine line between adhering to your clear directives, while simultaneously fulfilling my healthcare obligations to my patients, to whom I'm legally and ethically obligated. Among my concerns (these are just two, among a longer list of items):

1. My removal from all relevant, departmental and/or psychiatric email distribution lists. I understand that this has your instruction, since 03/24/2014, to staff who send an email that included my address on its distribution.

These messages keep the department apprised of mandatory meetings, clinical events, statewide trainings, and standard announcements. In addition, they serve as a direct way to learn about institutional

safety/security concerns (e.g., lockdowns, accountability, etc). For example, see the distribution below from the emailed message regarding yesterday's department-wide announcement. Although this message was not critical, I use it as the most recent/accessible example of my exclusion from departmental distribution lists.

Aside from my exclusion from email distributions regarding:

> a) on-call, overnight psychiatric report;
> b) several-emails-per-morning identifying clinical staff who have called-in sick (and thus allow redirection of resources to the areas that need it most, esp. for our small number of available psychiatrists);
> c) daily assurance of the appropriate prescription of psychotropic medications for newly-arrived inmates through R/R;
> d) departmental announcements about meetings, agendas, relevant clinical discussions, etc.;
> e) institutional incident reports, statewide announcements, etc…

I am also excluded from notice of mandatory trainings and meetings whose agendas list me as a "Required Attendee," by name/title. Inclusion on these email distributions is integral to my provision of services that are (even currently) expected of me, or, are required/mandatory. I would humbly request your reconsideration to be included among the recipients of messages that are addressed to the entire department. Thank you for considering, Eric….

----------------------------------------

## MONTHEI KNEW ABOUT ON-SITE UOF EVENTS

The 05/21/2014 MH Program Subcommittee meeting minutes, which Monthei attended, details the following:

> *Use of Force updates: There were two potential cell extractions in the AC reported today and Dr. Chen requested more information from Ms. Beebe to make sure that all documentation requirements are accurately completed.*

Monthei was aware that a security search involving all of the (approximately 100) cells in San Quentin's Adjustment Center had been ongoing during the week of 05/19/2014. These UOF events described during the MHPS meeting on 05/21/2014 were necessary in order to complete the security search for contraband items involving the cells/property of inmates who were refusing to comply with custody's orders. Several inmates were refusing to comply with orders to vacate their cells and submit to a search of their property. And thus, these inmates were going to be subjected to Use of Force extractions.

## MONTHEI ASSIGNS ME TO BE UOF COORDINATOR

Not only did Monthei know that I had not attended any of the UOF trainings, but he also did not notify me that he would assign me to a critical/visible role/function prior to sending the following email to the Warden, the Chief Deputy Warden, several Associate Wardens, and the entire MH Management Team.

Furthermore, he assigned me to this role knowing that Use of Force events were actively occurring on San Quentin State Prison's unit that housed its most violent offenders (i.e., the Adjustment Center) during the week of 05/19/2014.

-----------------------------------------

**From: Monthei, Eric@CDCR**
**Sent: Wednesday, May 21, 2014 4:46 PM**
**To: Wadsworth, Chris@CDCR; Barone, J.@CDCR; Burton, Paul@CDCR; Chen, Rachel@CDCR; Chu, Dave@CDCR; Corrado, Courtney@CDCR; Desmond, Diane@CDCR; Edwards, Alyssa@CDCR; Herndon, Caroline@CDCR; Hickerson, Chad@CDCR; Lippincott, Robert@CDCR; Ricciardi, Dana@CDCR; Smith, Cheri@CDCR; Van Burg, Chera@CDCR; Whyte, Laura@CDCR**
**Cc: Albritton, Steve@CDCR; Chappell, Kevin@CDCR; Curzon, John@CDCR; Lawson, Jeffrey@CDCR; Mitchell, Kelly@CDCR; Robertson, James@CDCR**
**Subject: FW: Update RE: MH HQ Memorandum Clinician Presence During Controlled Use of Force**
**Importance: High**

Please see below. I have assigned Dr. Wadsworth to take the lead as our "clinical manager and supervisor." Effective immediately, and until further notice, please ensure that all controlled use of force incidents are directed to:

    **Christopher Wadsworth, M.D.**
    **office: (415) 721-3542**
    **mobile: (415) 419-9960**

Thank you all.

Eric E. Monthei, Psy.D.
Chief of Mental Health

-----------------------------------------

### MONTHEI KNEW THAT I HAD NOT ATTENDED UOF TRAINING

I clearly stated, during a **05/22/2014** MH Management Meeting (and later memorialized by email), that I had never been trained for UOF events. I indicated that, before assuming these responsibilities, I wished

to attend appropriate training. Monthei insisted that UOF responsibility would be "no different that an acute care, crisis evaluation." He would later state, in an email dated 05/22/2014, "The clinical role…is consistent with past practice."

Directing me to fulfill the role of San Quentin's UOF supervisor without providing me with any of the newly-mandated state-trainings or materials is dangerous for patients, for San Quentin staff, and for the institution's desire to remain compliant with federal court orders. Monthei and Deems knowingly assigned me to the role of San Quentin's UOF coordinator and knowingly deprived me from attending these crucial, court-ordered trainings before my first UOF events took place. This is yet another example of retaliation and poor management/oversight.

---------------------------------------------------------

**From: Wadsworth, Chris@CDCR**
**Sent: Thursday, May 22, 2014 11:58 AM**
**To: Monthei, Eric@CDCR**
**Cc: Barone, J.@CDCR; Burton, Paul@CDCR; Chen, Rachel@CDCR; Chu, Dave@CDCR; Corrado, Courtney@CDCR; Desmond, Diane@CDCR; Edwards, Alyssa@CDCR; Herndon, Caroline@CDCR; Hickerson, Chad@CDCR; Lippincott, Robert@CDCR; Ricciardi, Dana@CDCR; Smith, Cheri@CDCR; Van Burg, Chera@CDCR; Whyte, Laura@CDCR; Deems, Andrew@CDCR**
**Subject: RE: Update RE: MH HQ Memorandum Clinician Presence During Controlled Use of Force**
**Importance: High**

Eric,

Can I humbly request your clarification as soon as possible, for my new role as clinical manager and supervisor of UOF contacts?

My concern this morning was that, despite having been assigned to this role, I was not provided any education regarding the policies, procedures, expectations, availability, specific items that are expected for what I state on-camera, etc. For example, there were meetings conducted in Galt, statewide teleconferences, training sessions, and memoranda that have been issued.

Thank you for reassuring me and for informing our team this morning that, despite these evolving parameters about a critically important issue on which Judge Karlton had recently delivered an order last month, expectations had not changed in terms of the expectations of a mental health evaluation and that I should stick to the parameters of a standard crisis-call. Your words were reassuring, but they conflict with the detailed list of line-items that the officers provided me when I responded to this morning's cell-extraction. When I asked where the officers received this list, they stated, "from the training last month." These instructions include:

- expectations of specific documentation of my participation on forms that are not simply a progress note;

- instructions regarding events that should occur during the cool-down period, that wouldn't necessarily be part of a standard crisis-call;
- specific items that should be relayed to the inmate during the cell-front interview;
- specific insturctions for the on-camera expectations of the MH staff, inclusive of items that should be introduced, that wouldn't be part of a standard crisis intervention;

I just want to be sure that I can disregard these instructions that comprised part of the collaborative, statewide training and instead stick to the information you relayed to us this morning: that nothing had changed in several years regarding the expectations of the licensed MH staff-member who responds to these events.

Thanks in advance for your clarification,

Chris


Christopher Wadsworth, M.D.
Chief Psychiatrist, San Quentin State Prison
California Department of Corrections & Rehabilitation
office: (415) 721-3542
mobile: (415) 419-9960

--------------------------------------------

**From: Monthei, Eric@CDCR**
**Sent: Thursday, May 22, 2014 12:01 PM**
**To: Wadsworth, Chris@CDCR**
**Cc: Barone, J.@CDCR; Burton, Paul@CDCR; Chen, Rachel@CDCR; Chu, Dave@CDCR; Corrado, Courtney@CDCR; Desmond, Diane@CDCR; Edwards, Alyssa@CDCR; Herndon, Caroline@CDCR; Hickerson, Chad@CDCR; Lippincott, Robert@CDCR; Ricciardi, Dana@CDCR; Smith, Cheri@CDCR; Van Burg, Chera@CDCR; Whyte, Laura@CDCR; Deems, Andrew@CDCR**
**Subject: RE: Update RE: MH HQ Memorandum Clinician Presence During Controlled Use of Force**

Please adhere to all current policy and procedures. The clinical role described below is consistent with past practice. Thank you.

Eric E. Monthei, Psy.D.
Chief of Mental Health

-------------------------------------------------

**From: Wadsworth, Chris@CDCR**
**Sent: Thursday, May 22, 2014 12:06 PM**

**To: Monthei, Eric@CDCR**
**Cc: Barone, J.@CDCR; Burton, Paul@CDCR; Chen, Rachel@CDCR; Chu,**
**Dave@CDCR; Corrado, Courtney@CDCR; Desmond, Diane@CDCR; Edwards,**
**Alyssa@CDCR; Herndon, Caroline@CDCR; Hickerson, Chad@CDCR; Lippincott,**
**Robert@CDCR; Ricciardi, Dana@CDCR; Smith, Cheri@CDCR; Van Burg,**
**Chera@CDCR; Whyte, Laura@CDCR; Deems, Andrew@CDCR**
**Subject: RE: Update RE: MH HQ Memorandum Clinician Presence During Controlled**
**Use of Force**

Please direct/guide me to those past practices. I do not have access to them and they are not part
of the standard expectations of a standard crisis call.

Where can they be located?

Thank you,

Chris


Christopher Wadsworth, M.D.
Chief Psychiatrist, San Quentin

-------------------------------------------------

**From: Monthei, Eric@CDCR**
**Sent: Thursday, May 22, 2014 12:13 PM**
**To: Wadsworth, Chris@CDCR**
**Cc: Barone, J.@CDCR; Burton, Paul@CDCR; Chen, Rachel@CDCR; Chu,**
**Dave@CDCR; Corrado, Courtney@CDCR; Desmond, Diane@CDCR; Edwards,**
**Alyssa@CDCR; Herndon, Caroline@CDCR; Hickerson, Chad@CDCR; Lippincott,**
**Robert@CDCR; Ricciardi, Dana@CDCR; Smith, Cheri@CDCR; Van Burg,**
**Chera@CDCR; Whyte, Laura@CDCR; Deems, Andrew@CDCR**
**Subject: RE: Update RE: MH HQ Memorandum Clinician Presence During Controlled**
**Use of Force**

The attached was distributed to all CDCR staff statewide on May 06, 2014. Please refer to the
attached as the current use of force policy and procedure. Thank you.

Eric E. Monthei, Psy.D.
Chief of Mental Health

-------------------------------------------------

**From: Wadsworth, Chris@CDCR**
**Sent: Thursday, May 22, 2014 1:16 PM**
**To: Deems, Andrew@CDCR**

**Subject: UOF participation by MH provider**
**Importance: High**

Andy,

**Directing me to fulfill the role of our UOF supervisor without providing me with any of the newly-provided training materials is dangerous for our patients, for my practice, and for the institution.**

I should be provided with training, education, expectations, guidance on what is specifically required of the licensed mental health providers who provide an evaluation for those individuals who will undergo a controlled cell-extraction.

I know, for sure, that several statewide meetings, teleconferences, DOM updates, memoranda, and trainings have been conducted over the last several weeks that have reshaped the expectations of the licensed MH providers who participate in these events that have gathered substantial interest from the court…

…during the time that these items were distributed/disseminated, I was specifically excluded from all relevant email distributions, and I've not been privy to the updates that have been implemented.

And yet, when I asked for the associated training materials, updated documents/procedures/memoranda this morning, in light of my new assignment to assume this role, Eric indicated that no new procedures exist and that I should simply adhere to standard parameters of a mental-health crisis intervention.

**However, this is not accurate.** I had to receive an outline of the statewide expectations of the mental health clinicians from the custody officials immediately before they proceeded with a UOF event this morning. Literally, right outside the inmate's cell-front, they were handing me documentation of the clinical intervention/documentation/video-recording that is expected.

And so, untrained on these polices, unaware/unable to access whatever information may have been provided in these statewide trainings, I am thrust into a role where I must be on-camera, memorializing the events/details/parameters on which I have not been trained.

I'm fine with this assignment/role, but I *must* be provided with training on the expectations of the state, their memoranda, the documentation, the video-recording, etc.

Chris

**Christopher Wadsworth, M.D.**
**Chief Psychiatrist, San Quentin State Prison**
**California Department of Corrections & Rehabilitation**

office: (415) 721-3542
mobile: (415) 419-9960

-------------------------------------------------

**From:** Monthei, Eric@CDCR
**Sent:** Thursday, May 22, 2014 2:37 PM
**To:** Wadsworth, Chris@CDCR
**Cc:** Baker, Paul@CDCR; Deems, Andrew@CDCR
**Subject:** Use of Force Training

Dr. Wadsworth, to assist you in understanding the Statewide use of force policy you are hereby being instructed to attend a use of force policy training on Tuesday, May 27, 2014, at 0700 hours. This training will occur within the Sausalito Conference Room. Thank you.

Eric E. Monthei, Psy.D.
Chief of Mental Health

-------------------------------------------------

**From:** Monthei, Eric@CDCR
**Sent:** Thursday, May 22, 2014 2:37 PM
**To:** Wadsworth, Chris@CDCR
**Cc:** Baker, Paul@CDCR; Deems, Andrew@CDCR
**Subject:** Use of Force Training

Dr. Wadsworth, to assist you in understanding the Statewide use of force policy you are hereby being instructed to attend a use of force policy training on Tuesday, May 27, 2014, at 0700 hours. This training will occur within the Sausalito Conference Room. Thank you.

**Eric E. Monthei, Psy.D.**
**Chief of Mental Health**

**San Quentin State Prison - Mental Health Service Delivery System (MHSDS)**
**(415) 721-3540 (Office)**
**(415) 306-1334 (Mobile)**
**Eric.Monthei@CDCR.CA.GOV (E-Mail)**

-------------------------------------------------

**From:** Wadsworth, Chris@CDCR
**Sent:** Friday, May 23, 2014 11:31 AM
**To:** Monthei, Eric@CDCR; Barone, J.@CDCR; Burton, Paul@CDCR; Chen, Rachel@CDCR; Chu, Dave@CDCR; Corrado, Courtney@CDCR; Desmond, Diane@CDCR; Edwards, Alyssa@CDCR; Herndon, Caroline@CDCR; Hickerson,

**Chad@CDCR; Lippincott, Robert@CDCR; Ricciardi, Dana@CDCR; Smith,
Cheri@CDCR; Van Burg, Chera@CDCR; Whyte, Laura@CDCR; Deems,
Andrew@CDCR**
**Subject: Update RE: Controlled Use of Force**

My first update to the team, as the designated "clinical manager and supervisor" for controlled
use of force incidents:

To be sure everyone is appropriately updated and that we safely direct our staff if/how they
should be called to participate in an evaluation prior to controlled use of force:

Judge Karlton issued a 04/10/2014 order which sent a clear message: past
policy/procedure/practice re: controlled use of force utilized by the CDCR were not sufficient to
remedy the ongoing 8th Amendment violation(s) regarding the controlled use of force upon
mentally ill inmates.

The order identified that the foundation of a constitutionally adequate application of such force
requires, at least, "appropriate training of all staff" on applicable policies/procedures. To that
end, I'm pleased that, next week, I'll have the opportunity to attend the statewide trainings that
all custody officials have already attended. In fact, it was the custody officials who were kind
enough to provide me with the requisite forms that outlined the MH providers' requirements, to
be sure I had addressed the items that had been outlined in the training.

Without the appropriate training, which specifically outlines the on-camera and off-camera
requirements for the licensed mental health evaluator, we at least run the risk of:

1) running afoul of the recent court order;
2) depriving our inmate-patient population of our input/oversight from those who are
   trained to diagnose/treat mental illness;
3) creating a memorialized, video-document that, without proper training, places our
   licensure at risk.

As the designated use-of-force supervisor/mangager, I wanted to be sure there was no
confusion: practices that may have been used in the past are simply not adequate, according to
the court.

Thanks,

Chris

**Christopher Wadsworth, M.D.**
**Chief Psychiatrist, San Quentin State Prison**
**California Department of Corrections & Rehabilitation**

office: (415) 721-3542
mobile: (415) 419-9960

----------------------------------------------